UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY RAY BRITTON, JR., | No. 2:18-cv-2974 KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA SUPERIOR COURT, et al., | |
| Defendants. | |

Plaintiff is a prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the

2

complaint in question, <u>Erickson</u>, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>overruled on other grounds</u>, <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

Plaintiff's claims are difficult to understand. However, it appears that plaintiff challenges criminal proceedings. As relief, plaintiff seeks money damages and a restraining order against law enforcement officers.

In claim one, plaintiff alleges that he accepted a plea offer of two years without a strike and a lid. Plaintiff alleges that he went to another court and was sentenced to five years at 85% with a strike. However, plaintiff describes the injury he suffered in connection with claim one as, "I was offered one year at half time without a strike and a lid, four years six months too long. Took my right to a firearm too."

In claim one, plaintiff appears to seek money damages for an allegedly invalid sentence. In <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994), the Supreme Court held:

> [T]o recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose lawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

512 U.S. at 487.

Claim one is barred by <u>Heck v. Humphrey</u> unless the sentence plaintiff challenges in claim one has been reversed, expunged or declared invalid. Accordingly, claim one is dismissed with leave to amend. In an amended complaint, plaintiff shall address whether the sentence challenged in claim one has been reversed, expunged or declared invalid. In addition, plaintiff's complaint contains two different descriptions of the sentence challenged in claim one. Plaintiff shall clarify this matter in an amended complaint. Plaintiff shall also identify the date he was sentenced, the charges for which he was sentenced and the court where he was sentenced.

In addition, in claim one, plaintiff alleges violations of the Fourteenth and Fifteenth Amendments and the right to bare arms. The Fifteenth Amendment prohibits interference with the right to vote on the basis of race. U.S. Const. XV. The allegations in claim one have no

connection to the Fifteenth Amendment. It also appears that plaintiff is attempting to raise a Second Amendment claim based on his claim that he was denied his right to bear arms. In an amended complaint, plaintiff shall clarify the grounds of his Second and Fourteenth Amendment claims made in connection with claim one.

In claim two, plaintiff alleges that a jury found him not guilty of assault with a deadly weapon. Apparently because of these charges, plaintiff alleges that he lost "10 x 30 storage of personal assets, a motorhome, and all tools and clothing…" Plaintiff alleges violations of the Fourteenth and Fifteenth Amendments and his right to bear arms, i.e., Second Amendment.

The allegations in claim two have no connection to the Fifteenth Amendment. It is unclear how plaintiff is alleging violations of the Fourteenth and Second Amendments in claim two. Accordingly, claim two is dismissed with leave to amend. In an amended complaint, plaintiff shall clarify how the alleged loss of the property described above violated the Fourteenth and Second Amendments.

In addition, while plaintiff names several defendants, no defendants are linked to claim two.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588

4

F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Claim two is dismissed because no defendants are linked to the alleged deprivations.

In claim, three, plaintiff alleges that he showed the district attorney the errors in his arrest information. Plaintiff alleges that the district attorney struck a strike and removed Penal Code 422. Plaintiff alleges that three months later, he is set for trial on November 7, 2018. Plaintiff alleges violations of the Fourteenth and Fifteenth Amendments and his right to bear arms, i.e., Second Amendment.

The allegations in claim three have no connection to the Fifteenth Amendment. It is also unclear how plaintiff is alleging a violation of his Fourteenth and Second Amendment rights. Plaintiff's claim that the district attorney removed a strike and dropped a charge after plaintiff identified errors in the arrest report does not state a potentially colorable claim for relief. For these reasons, claim three is dismissed with leave to amend. In an amended complaint, plaintiff shall clarify the grounds of his Fourteenth and Second Amendment claims.

The undersigned also observes that no defendant is linked to claim three. While plaintiff identifies the "D.A.," i.e., district attorney, plaintiff does not identify this prosecutor by name. If plaintiff files an amended complaint, he must link a named defendant to the allegations made in claim three.

////

5

In addition, it appears that claim three challenges ongoing criminal proceedings. <u>Heck</u> does not bar a plaintiff from bringing an action raising claims challenging ongoing criminal proceedings. <u>Wallace v. Kato</u>, 549 U.S. 384, 393-94 (2007), explains that such an action should be stayed:

> [i]f plaintiff files a false-arrest claim before he [or she] has been convicted (or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

459 U.S. 393-94.

Later, "[i]f the plaintiff is convicted, and if the stayed civil suit would impugn that conviction, <u>Heck</u> requires dismissal; otherwise, the case may proceed." <u>Yuan v. City of Los Angeles</u>, 2010 WL 3632810 at *5 (C.D. Cal. Aug. 19, 2010) (citing <u>Wallace</u>, 549 U.S. at 393); <u>Peyton v. Burdick</u>, 358 Fed.Appx. 961 (9th Cir. 2009) (vacating judgment in a § 1983 case where claims implicated rulings likely to be made in pending state court criminal proceedings and remanding for district court to stay action until pending state court proceedings concluded).

In an amended complaint, plaintiff shall clarify whether claim challenges ongoing criminal proceedings.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. <u>See, e.g.</u>, <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo</u>, 423 U.S. at 371; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

6

complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff's Department filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: March 22, 2019

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Britt2974.14

```
 1
 2
 3
 4
 5
 6
 7                    UNITED STATES DISTRICT COURT
 8                  FOR THE EASTERN DISTRICT OF CALIFORNIA
 9
10   BOBBY RAY BRITTON, JR.,              No. 2: 18-cv-2974 KJN P
11         Plaintiff,
12      v.                                NOTICE OF AMENDMENT
13   CALIFORNIA SUPERIOR COURT, et al,
14         Defendants.
15
16      Plaintiff hereby submits the following document in compliance with the court's order
17   filed_____.
18        _____     Amended Complaint
     DATED:
19
20                                         _____
21                                         Plaintiff
22
23
24
25
26
27
28
```