UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOBBY RAY BRITTON, JR.,

Plaintiff,

v.

CALIFORNIA SUPERIOR COURT, et al.,

Defendants.

No.  2: 18-cv-2974 KJN P

ORDER AND FINDINGS AND
RECOMMENDATIONS

Plaintiff is proceeding, without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's second amended complaint.  (ECF No. 24.) Named as defendants are Sacramento County Deputy Sheriff Hickison, Sacramento City Code Enforcer Rolison, Sacramento City employee Santos and Deidra Daniels, identified as plaintiff's ex-wife.  (Id. at 9.)  In the section of the second amended complaint describing plaintiff's claims, plaintiff names several other defendants.

The second amended complaint contains four claims.

Claim 1

*Plaintiff's Allegations*

Plaintiff alleges that he was subject to a false arrest on July 22, 2018.  Plaintiff appears to allege that officers were called to the home of the victim based on a 911 call by someone stating that plaintiff was seen wielding a machete.  (Id. at 3.)  Plaintiff was arrested for violating

California Penal Code § 245 (assault with a deadly weapon) and California Penal Code § 422 (making a criminal threat). (Id.) Plaintiff alleges that the charge for violating § 245 was dismissed 28 days after the arrest, and the charge for violating § 422 was dismissed on his second court date. (Id.)

Plaintiff alleges that the police officers were in the front of the victim's home for over two hours. (Id.) Plaintiff alleges that ten minutes before the arrest, the victim stated that she had seen no machete. (Id.)

Plaintiff alleges that defendant Hickison "lied on 911 call and stated I had a machete and chased with it and yelled I'll kill you." (Id. at 5.) Plaintiff names as defendants other sheriff's deputies who were present at the time of his arrest. Plaintiff alleges that defendant Calabreze added the criminal threat charge, although he did not talk to the victim or any witnesses. (Id.) Plaintiff alleges that defendant Jones falsely arrested plaintiff because ten minutes before the arrest, the victim stated that she had seen no machete. (Id.) Plaintiff alleges that defendant Virk falsely stated that the video stated that plaintiff threatened to harm or kill the victim. (Id. at 6.) Plaintiff alleges, "It didn't happen while I spoke face to face with V. according to video. Again, it was less than 2 second and the V. was outside the door before I was done speaking." (Id.)

Plaintiff also alleges that Officers Young, Bullard and Freeman were part of the false arrest. (Id.) Plaintiff also names as a defendant the Sacramento County Superior Court and three deputy public defenders. (Id. at 6-7.)

*Legal Standard for False Arrest*

Section 1983 complaints challenging the constitutionality of an arrest for lack of probable cause may be brought under the Fourth Amendment. "A claim for unlawful arrest is 'cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.'" Perez-Morciglio v. Las Vegas Metro. Police Dep't, 820 F. Supp. 2d 1111, 1120 (D. Nev. 2011) (citing Dubner v. City & Cnty. of S.F., 266 F.3d 959, 964–65 (9th Cir. 2001)). Probable cause exists if, at the time of the arrest, "under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." Perez-Morciglio, 820 F.

Supp. 2d at 1121 (citing <u>Blankenhorn v. City of Orange</u>, 485 F.3d 463, 471–72 (9th Cir. 2007)).

*Discussion*

The undersigned first addresses plaintiff's claim against defendant Hickison. The undersigned does not understand plaintiff's claim that defendant Hickison, a deputy sheriff, lied on a 911 call when she said that plaintiff had a machete, chased her with it and threatened to kill her. Rather, it seems more likely that the victim made the 911 call claiming that plaintiff had a machete and threatened to kill her.

Plaintiff also appears to argue that defendants Jones and Hickison falsely arrested him for assault with a deadly weapon because ten minutes before he was arrested, the victim claimed she had seen no machete, apparently recanting the claim the victim made on the 911 call. The undersigned cannot determine whether these allegations state a potentially colorable false arrest claim because, as discussed above, it is not clear who made the 911 call. Moreover, if plaintiff claims that the victim made the 911 call claiming that plaintiff chased her with a machete, plaintiff must explain why defendants Jones and Hickison wrongly arrested him for assault with a deadly weapon, even if the victim later recanted this claim. Accordingly, this false arrest claim against defendants Jones and Hickison is dismissed with leave to amend.

Plaintiff also alleges that defendant Calabreze charged him with making criminal threats, although he did not talk to the victim or any witnesses. Plaintiff also alleges that defendant Virk falsely stated that a video of the incident depicted plaintiff threatening to harm or kill the victim. Plaintiff alleges, "It didn't happen while I spoke face to face with V. according to video. Again, it was less than 2 second and the V. was outside the door before I was done speaking." Plaintiff appears to claim that he threatened the victim for less than two seconds, and the victim left the house before he was done speaking.

Plaintiff's claim against defendants Calabreze and Virk are not clear. Plaintiff appears to admit that he threatened to harm or kill the victim, although the threats were brief. Based on these circumstances, the grounds of plaintiff's claim that defendants Calabreze and Virk falsely arrested him for making criminal threats is not clear.

Plaintiff also names the Sacramento County Superior Court as a defendant in claim one.

However, Superior Courts are state agencies for purposes of Eleventh Amendment immunity.
See Greater LA Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987) (suit against a California superior court is a suit against the State, which is barred by Eleventh Amendment immunity), superseded by statute on other grounds.  Accordingly, the undersigned recommends that this claim against defendant Sacramento Superior Court be dismissed.

Plaintiff does not allege any involvement by the deputy public defenders named as defendants in claim one.  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

It does not appear that plaintiff can link the defendant deputy public defenders to this false arrest claim.  For this reason, the undersigned recommends that these defendants be dismissed.

While plaintiff alleges that defendants Officers Young, Bullard and Freeman were part of the alleged false arrest, the second amended complaint contains no allegations in support of this conclusory claim.  Accordingly, the claims against defendants Young, Bullard and Freeman are dismissed.

////

4

Claim 2

Plaintiff alleges that he was falsely arrested in 2013. (ECF No. 24 at 8.) Named as defendants in claim 2 are deputy public defender Addie Young, the district attorney, the Sacramento County Superior Court and defendant Rolison. (Id.)

Plaintiff alleges that in 2013, he won a jury trial and was set free. (Id.) Plaintiff alleges that he was held in jail for over 7 months and 16 days based on this false arrest. (Id.) Plaintiff also alleges that he was wrongly held for 48 hours in jail after his acquittal. (Id.) Plaintiff alleges that defendant Young did not get plaintiff out of jail until two days after his acquittal. (Id. at 4.) Plaintiff alleges that in 2013, defendant Rolison cost plaintiff a motorhome, business, tools, boat motor, four engines, five transmissions, etc. (Id.)

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Plaintiff's claim that defendant Young did not seek his release from jail until two days after his acquittal concerns her representation of plaintiff in his criminal proceeding. Accordingly, plaintiff has not stated a potentially colorable § 1983 claim against defendant Young because she did not act under color of state law.

Defendant Sacramento Superior Court is entitled to Eleventh Amendment immunity. See Greater LA Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987).

While plaintiff names the district attorney as a defendant, he does not identify this defendant by name or otherwise describe how this defendant violated his constitutional rights. Accordingly, plaintiff has not stated a potentially colorable claim against this defendant.

Plaintiff alleges that defendant Rolison "cost" plaintiff several items of personal property. However, plaintiff does not describe the actions of defendant Rolison which led to the loss of this property. Plaintiff also does not allege how defendant Rolison's actions violated plaintiff's

constitutional rights.  In an abundance of caution, plaintiff's claim that defendant Rolison deprived him of his property is dismissed with leave to amend.  If plaintiff files an amended complaint, he must clearly describe the actions of defendant Rolison which allegedly violated plaintiff's constitutional rights.

Plaintiff is further advised that the Due Process Clause of the Fourteenth Amendment of the United States Constitution protects plaintiff from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and plaintiff has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  Authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).  The Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy.  Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

If plaintiff files an amended complaint, he must clarify whether the alleged deprivation of his property, by defendant Rolison, was authorized and/or intentional.  If the alleged deprivations were intentional and authorized, plaintiff must address whether he availed himself of available procedures to challenge the alleged confiscation of his property.

For the reasons discussed above, the undersigned recommends dismissal of claim two but for the claim that defendant Rolison violated plaintiff's right to due process in connection with the alleged confiscation of plaintiff's property.

Claim 3

Plaintiff alleges that he was falsely arrested in 2003 based on a false report made by defendant Daniels (plaintiff's ex-wife).  (ECF No. 24 at 9.)  Also named as defendants in connection with claim three are the Superior Court, deputy public defenders Shivo and Michael

and "hired" public defender Paul Irish.  (Id.)  Plaintiff appears to allege that he was convicted of the charges for which he was arrested in 2003.  (Id.)

Defendant Daniels is a private citizen.  Plaintiff has pled no facts demonstrating that defendant Daniels acted under color of state law when she made the alleged false report against plaintiff.  Accordingly, the claims against defendant Daniels are dismissed.  See Price v. State of Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991) (private parties are generally not acting under color of state law.)

Plaintiff's claim against defendant Superior Court, named in claim three, is dismissed because Superior Courts are entitled to Eleventh Amendment immunity.  See Greater LA Council on Deafness, Inc. v. Zolin, 812 F.2d at 1110.

Plaintiff does not allege how defendants Shivo, Michael and Irish violated his constitutional rights.  Accordingly, the claims against defendants Shivo, Michael and Irish are dismissed because they are not linked to any alleged deprivations.  See also Polk County v. Dodson, 454 U.S. at 312 (public defenders do not act under color of state law when performing a lawyer's traditional functions as a counsel to a defendant in a criminal proceeding).

Plaintiff is also informed that if he is alleging that his 2003 conviction is invalid based on ineffective assistance from defendants Shivo, Michael and Irish, his claims are likely barred by Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck v. Humphrey, the United States Supreme Court held that a plaintiff may not prevail on § 1983 claim if doing so "would necessarily imply the invalidity" of plaintiff's conviction arising out of the same underlying facts as those at issue in the civil action "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  512 U.S. at 487.  Thus, "Heck says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'"  Smith v. City of Hemet, 394 F.3d 689, 695 (9th Cir. 2005) (quoting Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996)).

Plaintiff does not allege that his 2003 conviction has been invalidated, expunged or reversed.  Accordingly, any claim of ineffective assistance of counsel for money damages against

7

the lawyers who represented plaintiff in connection with the 2003 charges is likely barred by Heck.

For the reasons discussed above, the undersigned finds that the allegations in claim three do not state potentially colorable claims for relief.   Because it does not appear that the pleading defects discussed above can be cured, the undersigned recommends that claim three be dismissed.

Claim 4

Plaintiff alleges that he was falsely arrested in 1993.  (ECF No. 24 at 11.)  Named as defendants in this claim are Christine Santos and the Sacramento County Superior Court.  (Id.)

As discussed above, defendant Sacramento County Superior Court is entitled to Eleventh Amendment immunity.  See Greater LA Council on Deafness, Inc. v. Zolin, 812 F.2d at 1110.

Plaintiff identifies defendant Santos as a "Deputy of Sacramento."  The undersigned does not understand plaintiff's description of defendant Santos as a "Deputy of Sacramento."  Plaintiff also does not describe how defendant Santos violated his constitutional rights.  For these reasons, the undersigned cannot determine whether plaintiff has stated a potentially colorable claim against defendant Santos.

For the reasons discussed above, the undersigned finds that the allegations in claim four do not state potentially colorable claims for relief.  Because it does not appear that plaintiff can cure these pleading defects the undersigned recommends that claim four be dismissed.

Conclusion

Because it does not appear that plaintiff can cure the pleading defects with respect to claims two, three and four, but for the due process claim against defendant Rolison alleged in claim two, the undersigned recommends that these claims be dismissed.  In an abundance of caution, plaintiff's due process claim against defendant Rolison is dismissed with leave to amend.

In an abundance of caution, plaintiff is granted leave to amend as to claim one, alleging false arrest on July 22, 2018 against the deputy sheriff's named as defendants in this claim.  If plaintiff files a third amended complaint, he shall clarify who made the 911 call, what the victim told the arresting officers regarding the machete and whether a machete was found at the scene. Plaintiff shall also clarify whether he threatened to kill the victim and, if so, why this did not

constitute probable cause to arrest him for making a criminal threat. For the reasons discussed above, the undersigned recommends that plaintiff's claims against defendants Sacramento County Superior Court and deputy public defenders made in claim one be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Claim one alleging false arrest on July 22, 2018, against the deputy sheriffs named as defendants in this claim and the due process claim against defendant Rolison contained in claim two are dismissed with thirty days to file a third amended complaint; failure to file a third amended complaint within that time will result in a recommendation of dismissal of this action;

2. The Clerk of the Court shall appoint a district judge to this action; and

IT IS HEREBY RECOMMENDED that the claims made against defendants Sacramento County Superior Court and deputy public defenders in claim one, claim two but for the due process claim against defendant Rolison, and claims three and four contained in the second amended complaint (ECF No. 24), be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 6, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Brit2974.56

9