UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY RAY BRITTON, JR., | No. 2: 18-cv-2974 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA SUPERIOR COURT, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On February 6, 2020, the undersigned granted plaintiff thirty days to file a third amended complaint as to his claim alleging false arrest on July 22, 2018, against the deputy sheriffs named as defendants in this claim and the due process claim against defendant Rolison contained in claim two. (ECF No. 30.)

On February 14, 2020, plaintiff filed a third amended complaint. (ECF No. 31.) The third amended complaint does not comply with Federal Rule of Civil Procedure Rule 8 because it does not contain a demand for relief, such as money damages and/or injunctive relief. For this reason, the third amended complaint is dismissed with leave to amend.

The third amended complaint also does not allege potentially colorable claims against the defendants. Plaintiff alleges that defendant Hickison falsely arrested him on July 22, 2018. However, the third amended complaint does not allege sufficient facts to state a false arrest claim

against defendant Hickison. Plaintiff alleges that defendant Hickison "made 911 call. I didn't make a threat but told V to mind her own business. It's on video and shows me doing this less than two second." Plaintiff does not explain what defendant Hickison stated on the 911 call. Plaintiff does not otherwise discuss how defendant Hickison's conduct resulted in his false arrest. The allegations in the third amended complaint are not sufficient to state a potentially colorable false arrest claim against defendant Hickison. The February 6, 2020 order sets forth the legal standards for a false arrest claim.

The third amended complaint alleges that defendant Celebreeze added the Section 422 charge four hours after plaintiff's arrest. Plaintiff alleges that defendant Celebreeze was not with the arrest team and did not speak with the witness or victim. Even assuming these allegations are true, plaintiff does not allege how his arrest for violating California Penal Code § 422 (i.e., making a criminal threat) was a false arrest. Plaintiff alleges no facts demonstrating that he did not criminally threaten the alleged victim. If plaintiff files a fourth amended complaint, plaintiff must allege additional facts supporting the false arrest claim against defendant Celebreeze.

Finally, plaintiff alleges that defendant Rolison had plaintiff's motor home towed. The motor home contained all of plaintiff's possessions. Plaintiff alleges that he (plaintiff) could not pay bills and take care of business while being locked up.

It is not clear how plaintiff is claiming defendant Rolison violated his constitutional rights. It is not clear if plaintiff is claiming that defendant Rolison was not authorized to tow away his motor home, or if plaintiff is challenging his loss of the motor home because he could not pay the bills for it while incarcerated.

If plaintiff is alleging that defendant Rolison wrongfully impounded his motor home, plaintiff is informed that the impoundment of a motor home "is a seizure within the meaning of the Fourth Amendment." Miranda v. City of Cornelius, 429 F.3d 858, 862 (9th Cir. 2005) ("[t]he Fourth Amendment protects against unreasonable interferences in property interests regardless of whether there is an invasion of privacy"). Accordingly, it must be reasonable. Id. at 862 ("[t]he Fourth Amendment protects against unreasonable interferences in property interests").

"A seizure conducted without a warrant is per se unreasonable under the Fourth

Amendment – subject only to a few specifically established and well delineated exceptions. One such "established exception" is the "community caretaking doctrine," which allows officers to impound vehicles that "jeopardize public safety and the efficient movement of vehicular traffic." South Dakota v. Opperman, 428 U.S. 364, 369 (1976). "Whether an impoundment is warranted under this community caretaking doctrine depends on the location of the vehicle and the police officers' duty to prevent it from creating a hazard to other drivers or being a target for vandalism or theft." Miranda, 429 F.3d at 864 (internal citations omitted). "A driver's arrest, or citation for a non-criminal traffic violation as in this case, is not relevant except insofar as it affects the driver's ability to remove the vehicle from a location at which it jeopardizes the public safety or is at risk of loss." Id.

If plaintiff is claiming that defendant Rolison authorized an unlawful impoundment of his motor home, plaintiff must describe the circumstances of the impoundment, including the location of the motor home at the time it was impounded.

If plaintiff is alleging that his motor home was wrongly repossessed because he could not make the payments while he was incarcerated, plaintiff is informed that a due process claim may be made when, without notice or a hearing, the state effectuates repossession over the debtor's objections. See Harris v. City of Roseburg, 664 F.2d 1121, 1127 (9th Cir. 1981); Halverson v. Skagit County, 42 F.3d 1257, 1260 (9th Cir. 1994) (stating due process requires notice and hearing prior to deprivation of significant property interest). This rule has been applied to property impounded by the police from a suspected criminal. See, e.g., Coleman v. Turpen, 697 F.2d 1341, 1343–45 (10th Cir.1982).

If plaintiff is challenging the repossession of his motor home because he could not make the payments while incarcerated, plaintiff does not allege that he did not receive notice of the alleged repossession and an opportunity to be heard. Assuming plaintiff did not receive adequate notice of the alleged repossession, defendant Rolison's involvement in the alleged due process violation is not clear. Plaintiff only alleges that defendant Rolison authorized the towing of the motor home. Plaintiff does not allege that defendant Rolison failed to provide plaintiff with notice of the repossession of the motor home following plaintiff's incarceration. If plaintiff is alleging

3

that he did not receive adequate notice prior to the repossession of his motor home, the proper defendant is the person who failed to provide plaintiff with adequate notice.

If plaintiff files a fourth amended complaint, he shall clarify his claim against defendant Rolison.

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

It appears that plaintiff relied on the allegations in the second amended complaint to support the claims made in the third amended complaint. As discussed above, a complaint must be complete without reference to prior complaints.

Accordingly, IT IS HEREBY ORDERED that:

1. The third amended complaint is dismissed with thirty days to file a fourth amended complaint on the form provided by the Clerk of the Court; failure to comply with this order will result in a recommendation of dismissal of this action;
2. The Clerk of the Court is directed to send plaintiff the complaint form for a non-prisoner pro se litigant.

Dated: February 20, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Brit2974.ame