UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY RAY BRITTON,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA SUPERIOR COURT, et al.,<br><br>Defendants. | No. 2: 18-cv-2974 JAM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding, without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's fourth amended complaint. (ECF No. 33.) For the reasons stated herein, the undersigned recommends that this action be dismissed.

Background

On March 22, 2019, the undersigned dismissed the original complaint with leave to amend. (ECF No. 17.) In this order, the undersigned discussed the merits of plaintiff's claims. (Id.) On June 19, 2019, the undersigned dismissed the first amended complaint with leave to amend. (ECF No. 23.) The undersigned found that the first amended complaint did not comply with Federal Rule of Civil Procedure 8 because it did not identify the defendants or describe the relief sought. (Id.)

On February 6, 2020, the undersigned issued an order and findings and recommendations addressing the second amended complaint. (ECF No. 30.) Plaintiff named as defendants in the

second amended complaint Sacramento County Deputy Sheriff Hickison, Sacramento City Code Enforcer Rolison, Sacramento City employee Santos and plaintiff's ex-wife, Deidra Daniels. (Id. at 1.) In the section of the second amended complaint describing plaintiff's claims, plaintiff named several other defendants. (Id.)

In the second amended complaint, plaintiff alleged false arrest claims against defendants Hickison, Jones, Celebreeze and Virk based on events occurring in 2018. (Id. at 3.) In the February 6, 2020 order, the undersigned set forth the legal standard for a false arrest claim. (Id. at 2-3.) The undersigned dismissed the false arrest claims against these defendants with leave to amend. (Id. at 3.) In the second amended complaint, plaintiff also alleged that defendant Rolison "cost" plaintiff several items of personal property. (Id. at 5.) The undersigned dismissed this claim against defendant Rolison with leave to amend. (Id. at 5-6.) The undersigned recommended that the remaining claims and defendants be dismissed. (Id. at 9.)

On February 20, 2020, the undersigned dismissed the third amended complaint with leave to amend. (ECF No. 32.) The undersigned found that the third amended complaint did not comply with Federal Rule of Civil Procedure 8 because it did not contain a demand for relief. (Id. at 1.) The undersigned also found that the third amended complaint did not state potentially colorable false arrest claims against defendants Hickison and Celebreeze. (Id. at 1-2.)

In the February 20, 2020 order, the undersigned also found that plaintiff's claim that defendant Rolison had plaintiff's motor home towed away did not state a potentially colorable claim for relief. (Id. at 2.) In the February 20, 2020 order, the undersigned set forth the legal standards for a Fourth Amendment claim for unreasonable interference in a property interest and for a claim alleging violation of due process during repossession proceedings. (Id. at 3-4.)

Fourth Amended Complaint

Named as defendants in the fourth amended complaint are defendants Hickison, Rolison, Celebreeze and Jones. (ECF No. 33 at 2-3.)

Plaintiff alleges false arrest claims against defendants Hickison, Celebreeze and Jones. (Id. at 5.) The only factual allegation against defendant Hickison is that she made a 911 call that said she wanted plaintiff arrested for Penal Code 245. (Id. at 7.) Plaintiff alleges that the

2

Sacramento police arrested him and not the sheriff. (Id.) The only factual allegation against defendant Celebreeze is that he added PC 422 without talking to the victim and witnesses. (Id.)

As the undersigned stated in the February 6, 2020 order, Section 1983 complaints challenging the constitutionality of an arrest for lack of probable cause may be brought under the Fourth Amendment. "A claim for unlawful arrest is 'cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.'" Perez-Morciglio v. Las Vegas Metro. Police Dep't., 820 F.Supp.2d 1111, 1120 (D. Nev. 2011) (citing Dubner v. City & Cnty. of S.F., 266 F.3d 959, 964-65 (9th Cir. 2001)). Probable cause exists if, at the time of the arrest, "under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." Perez-Morciglio, 820 F.Supp.2d at 1121 (citing Blankenhorn v. City of Orange, 485 F.3d 463, 471-72 (9th Cir. 2007)).

Plaintiff's allegations against defendants Hickison and Celebreeze do not state potentially colorable false arrest claims. Plaintiff is apparently claiming that he was falsely arrested for violating California Penal Code sections 245 (assault with a deadly weapon) and 422 (making a criminal threat). Plaintiff's allegation that defendant Hickison made a 911 call stating that she wanted plaintiff arrested for assault with a deadly weapon does not demonstrate that there was no probable cause to arrest plaintiff for assault with a deadly weapon. Plaintiff's claim that he was arrested by the police rather than the sheriff does not support his false arrest claim against defendant Hickison.

Plaintiff's claim that defendant Celebreeze "added" the charge of making a criminal threat without talking to the victim and witnesses also does not state a potentially colorable false arrest claim. Plaintiff does not otherwise address why there was no probable cause to arrest him for this offense.

It appears that plaintiff may be relying on allegations against defendants Hickison and Celebreeze made in earlier complaints to support the false arrest claims made against these defendants in the fourth amended complaint. However, as the undersigned informed plaintiff in the orders dismissing the original and third amended complaints, the court cannot refer to a prior

pleading in order to make plaintiff's amended complaint complete. (ECF Nos. 17 at 6-7, 32 at 4.) Accordingly, for the reasons discussed above, the undersigned finds that plaintiff has not stated potentially colorable claims for relief against defendants Hickison and Celebreeze.

The fourth amended complaint contains no factual allegations against defendant Jones.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

4

The undersigned finds that plaintiff has not stated a potentially colorable false arrest claim against defendant Jones because the fourth amended complaint contains no allegations against defendant Jones.

Finally, plaintiff alleges that defendant Rolison "lost at jury trial in year 2013." ECF No. 33 at 5.) Plaintiff alleges,

> Ofc. Rolison put a 72-hour notice on motorhome and started trouble with me when he seen me. I had 72-hour notice on windshield of motorhome. Amendment 4 violation, that he put on windshield. The jury found me not guilty of breaking the law. The motorhome was parked legal on street, and I owned motorhome.

(Id.)

Plaintiff appears to be alleging a Fourth Amendment violation against defendant Rolison. As stated in the February 20, 2020 order, the impoundment of a motor home "is a seizure within the meaning of the Fourth Amendment." Miranda v. City of Cornelius, 429 F.3d 858, 862 (9th Cir. 2005) ("[t]he Fourth Amendment protects against unreasonable interferences in property interests regardless of whether there is an invasion of privacy"). Accordingly, it must be reasonable. Id. at 862 ("[t]he Fourth Amendment protects against unreasonable interferences in property interests").

"A seizure conducted without a warrant is per se unreasonable under the Fourth Amendment – subject only to a few specifically established and well delineated exceptions. One such "established exception" is the "community caretaking doctrine," which allows officers to impound vehicles that "jeopardize public safety and the efficient movement of vehicular traffic." South Dakota v. Opperman, 428 U.S. 364, 369 (1976). "Whether an impoundment is warranted under this community caretaking doctrine depends on the location of the vehicle and the police officers' duty to prevent it from creating a hazard to other drivers or being a target for vandalism or theft." Miranda, 429 F.3d at 864 (internal citations omitted). "A driver's arrest, or citation for a non-criminal traffic violation as in this case, is not relevant except insofar as it affects the driver's ability to remove the vehicle from a location at which it jeopardizes the public safety or is at risk of loss." Id.

////

Plaintiff does not state a potentially colorable Fourth Amendment claim against defendant Rolison because he does not allege that his motorhome was actually impounded. Instead, plaintiff appears to contest only the 72- hour notice allegedly placed on the windshield of his motorhome. Plaintiff's claim that his motorhome was parked legally on the street also does not demonstrate that any alleged impoundment was unconstitutional. Plaintiff may be relying on allegations made in earlier complaints to support his Fourth Amendment claim against defendant Rolison. However, as the undersigned previously advised plaintiff, the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.

Plaintiff has been given several opportunities to amend his complaint. The undersigned has spent considerable time evaluating plaintiff's complaints. Because it does not appear that plaintiff can cure the pleading defects, the undersigned recommends that this action be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 16, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Brit2974.dis

6